IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CATHERINE BANNERMAN, ET AL., | § | |
| | § | |
| VS. | § | NO. A-15-MC-557-LY |
| | § | |
| CINDY MILLS GORDY, ET AL. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court is the Motion of Thomas J. ("Tom") Atkins to Dismiss Illegitimate Attempt to Seek Recognition of a Judgment Rendered in a Foreign Country (Dkt. No. 4). The District Court referred the motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules.

## I.  BACKGROUND

This miscellaneous matter results from a judgment issued by a Canadian court. The judgment, from Saskatchewan, arose out of a 1994 car accident in which a truck owned by Defendant Gordy, hauling a trailer owned by Gordy and Defendant Atkins, all of which were being driven by Elizabeth Moore, struck a vehicle driven by John Sickel. The collision killed both Sickel and his father and passenger Lloyd. Both John and Lloyd Sickel's estates and surviving family members brought suit as a result of the accident, and a Canadian trial court granted judgment in their favor in November of 2004. An appeals court affirmed in part and reversed in part that judgment on May 1, 2012. On June 26, 2015, an attorney for the Plaintiffs in the Canadian case, in an apparent attempt to have this Court recognize the judgment, filed with the Clerk a copy of the relevant judgments, along with the affidavit of the attorney attesting to the authenticity of the documents and

the last know whereabouts of the parties. On April 10, 2017, the attorney requested the Clerk to issue of a writ of execution in the amount of $991,558.57. The Clerk issued the writ, and it was apparently served by the U.S. Marshal on Tom Atkins. On August 30, 2017, Atkins filed the motion now before the Court, which is entitled "Motion to Dismiss Illegitimate Attempt to Seek Recognition of a Judgment Rendered in a Foreign County." Plaintiffs have not responded the motion.

## II. ANALYSIS

Atkins' motion asserts that this proceeding is not a "civil action" as no complaint has been filed and no proper summons served on the parties, including himself. Atkins asserts that because there is no judgment by a U.S. court recognizing the Canadian judgment, there is no judgment to execute upon, and Plaintiffs' writ of execution is of no force or effect. He asks that this matter be dismissed.

Atkins is correct. When a party wishes to execute upon a judgment obtained in a foreign country, they must do more than file the judgment with a U.S. court to make it enforceable. Because there is no federal statute or common law applicable to the recognition of foreign judgments, state law governs these issues. *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1212 (9th Cir. 2006) (en banc). Texas has adopted the Uniform Foreign Country Money–Judgment Recognition Act, which governs when a judgment entered in a foreign nation will be recognized in this country. TEX. CIV. PRAC. & REM. CODE ANN. §§ 36.001–36.008 (Vernon 2000) (repealed). In 2017, the Texas Legislature amended that statute to, among other things, add Chapter 36A, which states that "[i]f recognition of a foreign-country judgment is sought as an original matter, the issue of recognition may be raised by filing an action seeking recognition of the foreign-country judgment." *Id.* at 36A.006(a). Here, no "action" has been filed and thus no recognition has been sought for the Canadian judgment. The Canadian Plaintiffs simply filed the Canadian judgment as

2

a miscellaneous filing with the Clerk's office. Plaintiffs should have filed a Complaint under the Texas Act, thereby initiating an adversarial action, paid the civil filing fee, and served the action on the Defendants.[1]

Because Plaintiffs have failed to follow the proper procedure to obtain recognition of a foreign judgment, this case is properly dismissed and Plaintiffs' writ of execution originating from this Court should be quashed. The Court further notes that because Atkins apparently resides in Fayette County, should the Plaintiffs file a foreign judgment recognition action in federal court, this would be the incorrect district in which to do so, as Fayette County is located in the Houston Division of the Southern District of Texas.

### III. RECOMMENDATION

In light of the foregoing the undersigned **RECOMMENDS** that the district judge **GRANT** the Motion of Thomas J. ("Tom") Atkins to Dismiss Illegitimate Attempt to Seek Recognition of a Judgment Rendered in a Foreign Country (Dkt. No. 4), **DISMISS** this action, and **QUASH** Plaintiffs' writ of execution.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

---

[1] There is no evidence the letter and judgments were ever served on Atkins or the other Defendants. Atkins asserts he was not aware of the filing until the U.S. Marshal served him with the writ of execution. Federal Rule of Civil Procedure 4(c) places the burden on Plaintiffs to ensure that a defendant is properly served with summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1); *Carimi v. Royal Carribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 12th day of October, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE